Good morning, Judge Kleinfeld. Good morning, Judge Okuda. Good morning, Judge Nguyen. I want to thank you very much for taking your time to hear this matter. I would like to reserve three minutes of rebuttal time. Please watch the clock. Yes, Your Honor. Your Honor, I know you guys have very important other matters before your calendar, so I'm going to try to make my points as concisely as I can. First, I want to concede a point. I want to concede that if this court does find that the magistrate judge had within its discretion the authority to issue an order compelling Mr. Falkenhagen, a non-party, to attend his of discretion to make the conclusion that she did. With that in mind, I want to focus this court on whether or not the magistrate judge did have that authority. What I want to do is specifically address three questions. Number one, did the magistrate judge have authority under Rule 37 to issue an order compelling a non-party to attend a deposition and to sanction plaintiff's counsel? So the order was actually to the attorneys, right? The order addressed the parties and said, you have to produce your expert. The order wasn't directed at the expert, was it? That is correct, Your Honor. So we don't have a non-point. That's what I understood from reading the briefs on both sides. Do you agree with that? We do not have, no, no, we do not, Your Honor. But the Sixth Circuit has ruled in Taylor v. Medtronics and indicated that the judge would have the ability under Rule 37 to do that. That's not correct, Your Honor. Explain to me why it's not. Yes, Your Honor. In Taylor v. Medtronics, the court's holding in that case is entirely inconsistent with the holding in Unigard. In Taylor, the court affirmed a district court's exclusion of expert witness testimony under Rule 37. In Unigard, in a Ninth Circuit-published decision, this court held that a district court judge does not have authority under Rule 37 to exclude an expert witness testimony because that discovery-related misconduct was not encompassed within the rule. Therefore, that case does not support the proposition proffered by the defendants that the parties may be sanctioned for failing to make their experts available for deposition. So the sanction was not permitted, but the question whether the court had the authority to order the expert to appear, that's not contrary to Unigard, correct? You're just saying that the sanction that the court issued is contrary to Ninth Circuit precedent? Well, Your Honor, I think it's not only contrary to Ninth Circuit precedents, but the rule. You know, the law is clear. Rule 37 and Rule 45 are separate and apart. Help me on something there. Yes, Your Honor. My recollection from the text of the rules and also practice was sometimes they are, sometimes they aren't, where, for example, the discovery is of, say, a subpoena ducus tecum of the person in charge of records at the client's, either the plaintiff's or the defendant's business, and there can be an order to compel and then sanctions for violating it under Rule 37. Now, with an outside expert, ordinarily, the degree of control that a lawyer has over his outside expert, neither a party nor, neither a plaintiff nor a defendant, is limited. Basically, in a personal injury case, you have to negotiate with the doctor for when he can make himself available. In a products case, you have to negotiate with the engineer. In a business case, you have to negotiate with the economists and various other people, but sometimes you have control over them. Is there anything in the record to show whether you had control over this expert's schedule in the way that you would if you represented a corporation and he was an employee of the corporation? Your Honor, I've been practicing for 16 years now, and I've retained experts and deposed experts and defended expert depositions, and we are subject to their calendar. They, just like us, have a busy calendar in which they've already have things pending, for example, trial, other depositions. Sure, you call up, you call up a doctor who's, say, an expert and you say, the other side has noticed up your deposition for 11 on Tuesday morning, and he just laughs at you and tells you when the deposition is going to be. What I want to know is, in the record in this case, is there any evidence of control or the absence of it? Your Honor, I did, we did produce a transcript because Mr. Falkenhagen was deposed, and in the deposition, the defense attorney asked him if he was available to be deposed on April 13th, and he testified under oath that he was not. Let me ask a similar question. Is there anything in the record that indicates your attempt, either you personally or your firm's attempt to secure his appearance, to cooperate with opposing counsel in securing his appearance on a date that would be available for the expert? Your Honor, I believe there was an email in the record in which I had advised the defense counsel that I had emailed the expert to determine whether he was available on March 31st. So we did attempt, Your Honor, to try to make him available. Unfortunately, due to the compressed time schedule, he was not available to attend those dates. Do you happen to have the reference that I can use to find his testimony in the transcript? Yes, Your Honor, and in the brief, we did cite to the wrong excerpt of record, it's excerpt 000074-75. And that's the evidence in the record on whether you had control or not, and whether he could have made himself available? I guess it's more whether he could have made himself available on the day that the defendant wanted. Correct, Your Honor. Is there anything in there where he says, except for that, I go wherever plaintiff's attorney tells me, whenever he tells me, or the opposite? No. Thanks. Did you want to save the rest of your time? Yes, Your Honor. Thank you. Good morning, and may it please the Court. My name is Christina Hayes, and I represent the defendants of Hallease in this action. This sure was hardball. Boy, was this hardball. The only real deadline that faced anybody that generated this deadline was the time set regarding the class certification motion. Now, was there any negotiation about just extending the time so that the deposition could be convenient to everyone? Yes, so the Court had already denied any changes to the briefing schedule in this case, so that April 16th... So you couldn't change that date? No, we could not. That April 16th was the time deadline. Now, what about this expert? I mean, you know, we practiced. I remember begging doctors, and doctors, that was the most frequent expert, and there were plenty of others too, and them telling me when they could make themselves available, not me telling them when they were going to be available. And we completely understand that. That was not the fact in this case, though. What's the evidence to show that he could have been made available for the date you wanted? So there's no evidence the Plaintiff's Counsel ever even contacted the expert to see if he was available? Hold on now. I'm not sure you understood my question. I asked your adversary what evidence shows either control or availability, and he gave me an excerpt reference regarding availability. Now I'm asking you the same question. And that is the only evidence in the record, one way or the other, whether the expert was available. And he said that he thought he had an appointment, but he wasn't sure. So it was very vague. And this also is not a case where the expert was the only one who did not appear at the deposition. That's not exactly what he says. He says at 75, line 10, where you ask him, why didn't you make the other deposition that you were subpoenaed to attend? And he says, I believe I had another appointment that I could not break. Yes. And that is the only evidence in the record. He doesn't say he's not sure whether he remembers. He says, I believe I had another appointment that I could not break. You are correct, Your Honor. I know I am. I'm reading it. Yes. Yes. You are correct. But again, this is not a case where it was only the expert who did not make the deposition. Kind of a waste of time if the deponent's not there. He also made no efforts to inform us that his expert was not available. We had offered several different dates when we could take the deposition of Mr. Falkenhagen. And we had attempted to communicate with plaintiff's counsel for several weeks before we even went in ex parte. And plaintiff's counsel simply refused to engage in any of those emails. We called plaintiff's counsel. We offered to change the dates. They simply refused to engage with us. And that is why we ultimately... Are you saying you called them and they didn't return your calls? Yes. Yes. Yes. That is correct, Your Honor. We left a message and we thought that... Can I look in the record and see that you called them and they didn't return your calls? You will be able to see emails to that effect. Yes. And so this had to do with the March 31st. I would have to check to find that exactly, Your Honor. It would be in part of the ex parte relief in the record there. So the reason that we had to go ex parte is because we simply could not get plaintiff's counsel to engage with us. This was never an instance where he said, I have tried to contact my expert. When you say engage, it's a general word. You mean they wouldn't return your calls? They wouldn't respond to your emails? That is correct, Your Honor. And when they did respond to our emails, they would never affirmatively say whether the expert was available or not. So we had contacted them. We had initially subpoenaed the expert for March 31st, or March 30th, and we had contacted plaintiff's counsel several times to find out whether or not the expert would appear. Plaintiff's counsel never responded to us, letting us know whether his expert would appear on that March 30th date. This is the second time that the same expert failed to appear pursuant to subpoena, right? That is correct. Am I correct in understanding that because of the worn out by some documents in the record, that the failure of the opposing party to cooperate in securing the discovery with an impending deadline is what escalated it to a situation where you felt like you had to seek sanctions? That is absolutely correct, Your Honor. Remind me, did the request for sanctions include other options for sanctions that would have been open to the court, short of sanctioning counsel? Yes, absolutely. So we also wanted to have the, because plaintiff's counsel had submitted evidence from this expert witness in support of their motion for class certification, another option would have been to strike that evidence, simply because we had not had the opportunity to depose the expert in support of our opposition to the motion for class certification. And so we also asked the court to simply strike that testimony. Basically, if plaintiff was not able to get his expert witness, who he had hired, who he had paid, and who he was now relying on that expert's testimony to appear for deposition. And honestly, there's no evidence that he actually asked the expert for this. Let me ask you now, now your response is going toward whether the exercise of discretion was appropriate. Let me move you back to the point your adversary raised on the rules. Yes, absolutely. Ordinarily, Rule 37 sanction is imposed when there's a previous order to compel that counsel has violated. Correct. For third-party witnesses, there cannot be ordinarily a motion to compel under Rules 26 through 37, the discovery rules. Ordinarily, the way the third-party expert is subpoena under Rule 45, and then a motion to hold the witness in contempt for violating the subpoena. It's not a Rule 37 sanction. There might be a sanction if the lawyer who had retained the the expert to defy the subpoena. Why can you get a Rule 37 sanction in this case, since the Rule 45 procedure was not used? The Rule 37b2 authorizes sanctions whenever there is violation of a discovery order. And this court has recognized that Rule 37b2 is to be read broadly. It says — it doesn't say quite that. It says if a party or a party's officer, director, or managing agent, or a witness designated under 30b6 or 31a4 fails to obey an order. And I don't think an outside expert is one of those, is he? No, Your Honor, but again, we were not seeking sanctions against Mr. Falkenhagen. We were seeking sanctions — That may be your problem. Ordinarily, I've actually seen cases as a lawyer and as a district judge where the sanctions were against the third-party witness. I remember putting a doctor in jail for that. Well, and I will say that counsel's reliance on both Unigard and Penwalt are actually not convincing. So in Unigard, there was — Let's get to the text first. Okay. This Falkenberg, he wasn't a party or officer, director, or managing agent, right? That is correct, Your Honor. Now, was he a witness designated under 30b6 or 31a4? No, Your Honor. Why isn't that the end of it? Because we were seeking — because the court ordered plaintiffs to produce their expert witness. It was plaintiff's counsel who was refusing to produce the expert witness in this case. So you're saying that under 37b2a, the party or the party's lawyer failed to obey an order which the court had ordered to produce this Falken — Absolutely. And there is support in Penwalt, in the footnote number four in Penwalt, that a party — that the court does have authority to order a non-party to a deposition, to order a plaintiff to produce the party for a deposition. And same with Unigard. The court has inherent authority, whether it's under, you know, just their inherent powers to order, to make discovery ruling. You sure can order a party to — or one side to produce a party. But an outside expert isn't a party. No, but here he was a retained expert. And again, plaintiff's counsel also disobeyed the court's order. Plaintiff's counsel did not appear for the deposition. And again, you can't have a situation where plaintiff can retain an expert, use that — I think that would be just great. I mean, if the expert shows up and opposing counsel doesn't, you can just do whatever you want at the deposition. In order to be able to use that expert's testimony in support of your case, it can't be the result that the court can allow plaintiffs to retain an expert, use that expert's deposition, or use that expert's declaration in support of their case, and then plaintiff's counsel has no responsibility to make that expert available so that the other side can depose him in a way to prepare their own opposition. So we've never interpreted this language in that way. Does the Sixth Circuit case go that far? The opposing counsel says no. Yes, it does. Both the Fifth, the Sixth, and the Eighth Circuit have all imposed sanctions under Rule 37b-2 where a plaintiff refused to produce their expert witness, or let's say the expert witness was not prepared for the deposition. And that is in the Fifth, the Sixth, and the Eighth Circuit have all gone this way. In fact, there is no authority in any circuit going the other way where the court has held that sanctions cannot be imposed under Rule 37b-2 where a party failed to comply with the court's discovery order. What evidence is there in the record that had the plaintiff's attorney done his best, he could have made this expert show up for the deposition at the time noticed? Well, at a minimum, Your Honor, he could have contacted defense counsel and we could have tried to move it to the 12th or the 14th. There was no effort whatsoever. You know, it could very well be that a sanction should have been imposed for failure to return phone calls and emails. But that's just a litigation approach that makes it impossible to have fair litigation. But that's not what the sanction was for. Because he simply would not provide a date when his expert was available. He simply would not do that. And that's why the court ordered the expert to appear on a certain date. Plaintiff's counsel never said his expert was unavailable on that date. That was never said to the court. It was never said to defense counsel. They simply both chose not to show up. But he was sanctioned for not producing the expert, not for failing to call you and tell you that it would be a waste of time to show up. That is correct, Your Honor. He was sanctioned for violating the court's discovery order. So I come back to my question. Is there evidence in the record that he could have made his expert show up? There's really no evidence either way other than that one portion of the transcript that you mentioned before. Which goes the other way. The expert says I couldn't have shown up. And again, he never actually made that argument to the district court. So the district court never even had the opportunity to hear that because he never said that his expert was unavailable. There was simply no communication with defense counsel one way or the other. And it can't be the result that you can simply violate a court's discovery order because you choose to ignore it. And that's exactly what plaintiff's counsel did in this case. And under the court's either inherent authority or its authority under Rule 37b-2 or its authority under Rule 37b-2. A lot of this non-response was taking place when you knew that opposing counsel was going to be away on vacation. Is that right? No, absolutely not, Your Honor. So in the weeks preceding that, we had to actually go ex parte. So plaintiff's counsel, we had originally tried to subpoena the expert for March 30th. And plaintiff's counsel refused to tell us whether or not the expert would appear on March 30th. And he refused to engage. We offered several other dates. We said if March 30th does not work for you, we are available on all of these other dates. Please choose one. He refused to engage with us. He waited to engage with us until two days before his vacation and then used his vacation as the excuse for why his expert couldn't be produced in time for us to be able to use that deposition testimony in support of our opposition to the motion for class certification. Thank you. Thank you. Thank you. Thank you. Your Honor, I just want to address a couple of the points that counsel mentioned regarding the authority from the Fifth, Sixth, and Eighth Circuit. Those cases don't stand for the proposition that parties may be sanctioned for failing to make their experts available for or affirmed a district court's exclusion of an expert opinion testimony under Rule 37. However, this court in Unigard has already concluded that district courts lack the authority to exclude expert opinion under Rule 37. Why was that sanction imposed in that case? You know, Your Honor, it was done without any analysis. Unlike Unigard, in Unigard, the court, this court foreclosed the application of Rule 37 to anything else that other than what's included in that section. You know, there was no analysis as what, similar to what the Ninth Circuit did in Unigard to determine whether that alleged discovery misconduct fell within the rule. What was the discovery misconduct in that case? They failed to produce an expert witness report. And the same is true with, I think we already discussed about Taylor v. Medronix, very similar to Barrett. And in Admiral Feeder Corp., this case is factually anomalous. This is a case that went to trial, and during trial, the defendants were permitted to depose plaintiff's expert during a recess in trial. But the expert had not arrived at his final opinions or prepared the exhibits which he intended to use at trial. And the Eighth Circuit held that the district court acted within its discretion in sanctioning the plaintiff $1,000 for forcing the defendant to depose plaintiff's expert twice during trial. The holdings and facts in Admiral are clearly distinguishable and have no bearing on the issues, the three issues that I presented to this panel in the beginning. You're over time now, so please wrap up. Why wouldn't this be a Pyrrhic victory for you if it is a victory? Because it would just get sent back telling the magistrate judge, if you were to win, no, no, you can't sanction plaintiff's attorney for not producing his expert. You can sanction him for not returning phone calls and emails and arranging a date. To produce the expert. And then, and not even calling and saying the expert and you weren't going to show up. And then you get the same sanction. You know, Your Honor, that is an important question because to me, this goes beyond just the facts specific to this case, but application of the rule. To me, I think this is gives clear precedent to not only the district you're saying I may get that Pyrrhic victory, but at least it would be supportable under the rule. I believe so. Your Honor rule 37 rule 45 are clearly distinguishable. There are two vehicles by which to compel discovery against parties and non-parties and the practice commentaries, the practice notes, the advisory notes all confirmed that in the statute itself. Also the practical problem I see with the interpretation you want us to take, I think there's good textual support for your argument. The practical problem is, well, this probably never happens in California. In Alaska, we constantly have expert witnesses who are in Washington or California or New York, and it's quite a song and dance to get a subpoena. So we really do depend on counsel to arrange those. In California, I don't imagine that had come up, but why shouldn't the rule be interpreted so that counsel has to use his best efforts to try to arrange the appearance of the expert? Because of the reasons we just spoke of, Your Honor, there's just things that are outside of control, including non-parties. I've had experts who were on vacation and therefore had to- But here there's no evidence of best efforts, no calls back and forth between the lawyers and the plaintiff's lawyer and the expert. No, we did communicate. I did tell the defense attorneys that March 30th was not a date that Mr. Falkenhagen could appear. And also- I thought she said he never calls, he never writes. Well, that's her position, Your Honor. Well, the district court did make that finding, right, that the situation was exacerbated by the failure to respond to inquiries, by having extremely limited availability and failing to seek a protective order concerning the notice depositions. Those are specific factual findings in imposing the sanctions. Your Honor, I did my best. That was within my control. Within this short period of time, to try to get a date that I could accommodate defense counsel with the expert to try to produce him for his deposition so that they can depose him prior to his opposition. Before- And Your Honor, before we even got to the point where we set a date, there was negotiation that was going- Negotiations that were going in between the two firms. The expert was unwilling to submit for a deposition until he could confirm that he's going to be paid for his preparation time and deposition time. We had to reach- I had to negotiate with the defense counsel to ensure that that would be the case. Otherwise, the expert isn't going to appear for his deposition. That's another part of that control. We only have a certain amount of control among non-parties. And if they don't want to comply, then why should we, as the practicing attorney, potentially be liable for their non-appearance? Thank you. Any further questions? Okay. The case of Sally v. Corona Regional is submitted.
judges: Kleinfeld, Ikuta, Nguyen